UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRA ALSTON<br><br>        Plaintiff,<br>   v.<br><br>CORRECTIONAL OFFICER DANIELS, CORRECTIONAL OFFICER RUTKOWSKI, CORRECTIONAL OFFICER HERNANDEZ, CORRECTIONAL OFFICER JOHN DOE #1, CORRECTIONAL OFFICER JOHN DOE #2, LIEUTENANT DAIRE, LIEUTENANT ANYNA, CAPTAIN JASON CAHILL<br><br>        Defendant. | 3:15-CV-00669 (CSH)<br><br>**June 2, 2015** |

## ORDER TO SHOW CAUSE

Plaintiff, Ira Alston, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The complaint was electronically filed from the prison on May 4, 2015, and the plaintiff's motion to proceed *in forma pauperis* was granted on May 11, 2015. The defendants are Correctional Officers Daniels, Rutkowski, Hernandez and John Does #1 and #2, Lieutenants Daire and Anyna, and Captain Jason Cahill.

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they]

suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**I**

The following allegations are derived from the complaint, and are accepted as true for present purposes.

On April 5, 2012, the plaintiff shared a cell with inmate Tye Thomas. Inmate Thomas requested recreation but the plaintiff declined. At approximately 2:30 p.m., defendant Daniels was touring the housing unit and saw the window in the door to the plaintiff's cell was covered. Defendant Daniels asked inmate Thomas to uncover the window. He refused and told defendant Daniels that the window was covered because he wanted his recreation time. Inmate Thomas asked to see a shift lieutenant to address this issue. Defendant Daniels told inmate Thomas that if she called a shift lieutenant, he would not get any recreation time that day.

Inmate Thomas and defendant Daniels began using derogatory language. Defendant Daniels asked the plaintiff to uncover the window. When the plaintiff declined to get involved in the situation, defendant Daniels told him that he would be placed on in-cell restraint status if he did not

uncover the window. Both the plaintiff and inmate Thomas told defendant Daniels that the plaintiff was not involved with covering the window.

Defendant Daniels summoned a supervisor. Defendants Daire and Anyna responded to the unit. Defendant Daniels told them that the window was covered and that both the plaintiff and inmate Thomas were unresponsive. The plaintiff and inmate Thomas repeated that the plaintiff was not involved. Defendants Hernandez, Rutkowski and John Does #1 and #2 were present during the exchange.

When inmate Thomas continued to refuse to uncover the window, defendant Daire ordered defendant Hernandez to retrieve a camera to record the cell extraction. Defendants Daire and Anyna deployed several bursts of a chemical agent into the cell, causing the plaintiff to gag, cough, sneeze and vomit. Inmate Thomas removed the covering from the window. The plaintiff was handcuffed and shackled with a connecting tether chain and escorted to the medical unit where his eyes were rinsed. The plaintiff then was placed on in-cell restraint status for twenty-four hours. During this time, the restraints were made tight so the plaintiff had to remain bent at the waist. The restraints caused cuts, swelling and bruising on the plaintiff's wrists and ankles. The plaintiff was not permitted to shower while on in-cell restraint status.

The plaintiff received a disciplinary report for interfering with safety and security. The charge was dismissed on May 9, 2012.

**II**

The plaintiff contends that the defendants violated his Eighth and Fourteenth Amendment rights on April 5, 2012, when they subjected him to the chemical agent and placed him on in-cell restraint status.

3

The limitations period for filing a section 1983 action is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Under federal law, a cause of action accrues—and the statute of limitations begins running—when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See United States v. Kubrick*, 444 U.S. 111, 122-24 (1979). Where, as here, the defendant has yet to respond to the complaint by answer or motion, the Court's *sua sponte* dismissal under section 1915(d) based on the statute of limitations is appropriate. *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995).

The plaintiff alleges that his injury occurred on April 5, 2012. He has been aware of his injury since that date. Therefore, his complaint should have been filed no later than April 5, 2015. The plaintiff did not sign his complaint until April 13, 2015, eight days after the limitations period expired. In fact, the complaint was not electronically filed until May 4, 2015.[1] Thus, the complaint was filed roughly one month too late.

"Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled …." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citation and internal quotation marks omitted). As the Court of Appeals observed:

> Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies, but filed a defective pleading during the specified time period … where the plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant … or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion … When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled and (2) has proved that the circumstances are so extraordinary that the doctrine should

---

[1] Under the prisoner efiling program, prison officials will date-stamp and email the complaint to the court on the same day the prisoner gives it to prison officials for filing.

4

apply."

*Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80-81 (2d Cir. 2003) (citations and internal quotation marks omitted.); *see Ramos v. State Dep't of Correction*, No. DBD135009197, 2014 WL 5472171, at *8 (Conn. Super. Ct. Sept. 30, 2014) (citing same). Another district court within this circuit has held that incarceration alone does not warrant equitable tolling. *See Perry v. Sony Music*, 463 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (holding that incarceration was insufficient to equitably toll limitations where there was no showing of diligence on the plaintiff's part, misconduct by the defendants or any other compelling ground).

The plaintiff has alleged no facts suggesting that the limitations period should be tolled or demonstrating that he acted diligently. The court cannot dismiss the complaint as untimely filed, however, without first affording the plaintiff an opportunity to allege facts demonstrating that the limitations period should be equitably tolled. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2007). The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). For example, the Second Circuit has applied equitable tolling "where a plaintiff's medical condition or mental impairment prevented [him] from proceeding in a timely fashion." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations omitted).

### III

Based on the foregoing, the Court makes the following Order. By not later than July 2, 2015, the plaintiff shall show cause in writing why the limitations period should be tolled and the action

not dismissed as time-barred.  Failure to respond to this order within the time specified may result in the dismissal of the complaint as untimely filed.

      It is SO ORDERED.

Dated:   New Haven, Connecticut
         June 2, 2015

                                */s/ Charles S. Haight, Jr.*
                                CHARLES S. HAIGHT, JR.
                                Senior United States District Judge