UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| IRA ALSTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-669 (CSH) |
| | : | |
| CORRECTIONAL OFFICER DANIELS, | : | |
| CORRECTIONAL OFFICER RUTKOWSKI, | : | |
| CORRECTIONAL OFFICER HERNANDEZ, | : | |
| CORRECTIONAL OFFICER JOHN DOE #1, | : | |
| LIEUTENANT DAIRE, LIEUTENANT ANYNA, | : | |
| CAPTAIN JASON CAHILL, CORRECTIONAL | : | |
| OFFICER JOHN DOE #2, | : | |
| | : | FEBRUARY 17, 2016 |
| Defendants. | : | |

## RULING ON PLAINTIFF'S MOTION TO AMEND OR CORRECT INITIAL REVIEW ORDER [DOC. 12]

**HAIGHT, Senior District Judge:**

Plaintiff Ira Alston moves the Court to correct the Court's statement in its Initial Review Order that his Complaint "was electronically filed from the prison on May 4, 2015," Doc. 11, at 1. *See also id.*, at 3 n.3. Plaintiff states that the Complaint was "mailed via U.S. Postal Mail Service to the Court" and "filed by the Court's Clerk on May 4, 2015, at 4:51 p.m." Doc. 12, at 2-3. He also asserts that he was charged $1.82 for the postage to mail the Complaint. *Id.*, at 2.

A review of the Complaint reveals no prison institutional stamp indicating a date the document was scanned and/or emailed to the Court. The only visible stamp on the Complaint indicates that it was filed on the Court's docket on May 4, 2015 at 4:51 p.m. The Court's electronic

1

receipt for the document shows that one "case participant" was the "Scanning Program - Northern (northern.ctdoc-efile@po.state.ct.us)." Under the Standing Order on Prisoner Electronic Filing Program, Order No. CTAO-13-16, electronic filing is mandatory for inmates confined at participating correctional facilities. All Connecticut state correctional facilities participate in this program; and Northern Correctional Institution ("NCI"), where Plaintiff was and is housed, has participated since July 1, 2011. Because Plaintiff was confined in a facility that has participated in the Prisoner E-filing Program for approximately four years at the time the Complaint was filed, the Court reasonably believed that the Complaint had been e-filed by the prison.

In any event, accepting Plaintiff's present factual assertion that the Complaint was mailed to the Court via the United States Postal Service, as opposed to e-filed, the Court's holdings in the Initial Review Order remain the same. As Plaintiff concedes, he "signed, dated and mailed his complaint on April 13, 2015, eight (8) days beyond the three-year statute of limitations" for § 1983 claims and state tort claims, and his Complaint was docketed by the Clerk's Office "on May 4, 2015 at 4:51 p.m." Doc. 12, at 3. As Plaintiff points out, the additional facts regarding filing of the Complaint "do not alter the Court's Judgment [Order [Doc. 11], dated 11/17/2015] that the Complaint was filed, absent any equitable tolling, more that three years [after the] 4-5-12 incident." *Id.*

As stated in the Initial Review Order, although filed more than 3 years after the alleged incident on April 5, 2012, Plaintiff's § 1983 claims for the use of excessive force in violation of the Eighth Amendment remain timely due to the exhaustion requirement under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). *See also* Order [Doc. 11, at 2].

In contrast, Plaintiff's state law tort claims for assault and battery and intentional infliction of emotional distress remain time-barred by Connecticut's three-year statute of limitations for actions founded upon a tort, Conn. Gen. Stat. § 52-577. These state law claims are not subject to the PLRA exhaustion requirement of § 1997(e)(a); and the facts, as Plaintiff has alleged them, present no viable basis for tolling.

## **CONCLUSION**

The Plaintiff's "Motion to Amend or Correct" [Doc. 12] is GRANTED to the extent that the Court acknowledges for the record that Plaintiff's Complaint was mailed to the Court via the United States Postal Service rather than filed electronically by NCI. That newly presented fact is deemed incorporated into the Initial Review Order [Doc. 11] by reference in this Ruling. However, because the method of filing the Complaint has no substantive impact on the Court's legal conclusions in the Initial Review Order [Doc. 11], the Court declines to issue a revised or amended Order.

It is SO ORDERED.

Signed:   New Haven, Connecticut
          February 17, 2016

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge